```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

QUICKSILVER RESOURCES INC.,      §
                                 §
            Plaintiff,           §
                                 §
v.                               §     CIVIL NO. H-08-0868
                                 §
EAGLE DRILLING, LLC,             §
                                 §
            Defendant.           §
```

**MEMORANDUM OPINION**

Pending before the court[1] is Defendant's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404 and Alternative Motion to Reconsider (Docket Entry No. 163). The court has considered the motion and the response thereto. For reasons explained below, the court **DENIES** Defendant's motion in its entirety.

The dispute between these parties has its roots in a contractual relationship that began in March 2006. Plaintiff entered three International Association of Drilling Contractors Daywork Drilling Contracts ("IADC contracts") with Defendant. Defendant agreed to furnish equipment and labor and to perform drilling services at a site in north Texas. Five months later, Blast Energy Services Inc. ("Blast") acquired Eagle Domestic Drilling Operations LLC ("EDDO"), and Defendant assigned all of its rights in the IADC contracts to EDDO.

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 155.

After experiencing mechanical problems with one of the rigs in September 2006, Plaintiff and Blast attempted to work out the difficulties. Plaintiff discovered shortly thereafter that the derrick on that rig did not comply with the specific requirements of the IADC contracts and sued EDDO and Defendant in Texas state court in Tarrant County ("Tarrant County lawsuit"). Plaintiff brought contract and negligence claims. Just over a week later, EDDO filed suit against Plaintiff in Oklahoma state court in Cleveland County ("Cleveland County lawsuit").

In December 2006, Defendant filed a motion to dismiss the Tarrant County lawsuit based on the following clause found in each of the IADC contracts: "GOVERNING LAW: This contract shall be construed, governed, interpreted, enforced and litigated, and the relations between the parties determined in accordance with the laws of County of Cleveland, State of Oklahoma."[2] Defendant took the position that this was a forum-selection clause.

While Defendant's motion pended in the Tarrant County lawsuit, EDDO and Blast separately filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas ("Southern District Bankruptcy Court"), and the two cases were administratively consolidated. EDDO dropped the Cleveland County lawsuit and brought those claims as an adversary proceeding in the

---

[2] Defendant's Response to Plaintiff's Motion for Summary Judgment on Defendant's Contract Claims, Docket Entry No. 168, Exs. 14-16, IADC contracts, ¶ 18.

Southern District Bankruptcy Court action. Plaintiff responded by removing its Tarrant County lawsuit to the United States Bankruptcy Court for the Northern District of Texas ("Northern District Bankruptcy Court").

There, EDDO moved to transfer the Tarrant County lawsuit to this district under 28 U.S.C. § 1412, which allows transfer of a bankruptcy proceeding "to a district court for another district, in the interest of justice or for the convenience of the parties." The Northern District Bankruptcy Court held an evidentiary hearing at which Defendant took no position, preferring to rely on its contention that the suit should be dismissed based on paragraph 18 of the IADC contracts. Plaintiff unsuccessfully argued against transfer. The court found that the factors balanced out evenly, relying on the importance of coordinating the lawsuit with EDDO's pending bankruptcy action as the deciding factor in favor of transfer to the Southern District Bankruptcy Court. During the hearing, the judge remarked that he did not read paragraph 18 as saying anything about bringing suit *in the courts of* Cleveland County, Oklahoma.

After the case was transferred to the Southern District Bankruptcy Court in late May 2007, EDDO filed a counterclaim for breach of contract against Plaintiff. Defendant filed a motion to dismiss or sever, renewing the forum-selection-clause argument. Finding Defendant to be an indispensable party to the adversary

proceeding, the Southern District Bankruptcy Court denied Defendant's motion to dismiss or sever.

In September 2007, Defendant filed for bankruptcy in the United States Bankruptcy Court for the Western District of Oklahoma ("Western District Bankruptcy Court").  Plaintiff sought and received relief from the automatic stay in that proceeding in order to continue to prosecute this action.

The Southern District Bankruptcy Court ordered the parties to mediation, but it was unsuccessful.  In January 2008, Defendant filed a motion to withdraw the bankruptcy reference, and the court granted the motion.  In the meantime, the Southern District Bankruptcy Court approved EDDO's plan of reorganization, and, as of March 4, 2008, the plan had been substantially consummated.

In March 2008, the Southern District Bankruptcy Court recommended that this court withdraw the reference of the adversary proceeding.  Near the same time, Defendant initiated a lawsuit against Plaintiff concerning the IADC contracts in the District Court of Cleveland County, Oklahoma.  Within a couple of weeks Plaintiff removed the Oklahoma state court action to the Western District Bankruptcy Court, where it became part of Defendant's bankruptcy proceeding.  In May 2008, Defendant sought to have the Western District Bankruptcy Court either remand the action or abstain from hearing it.

That same month, this court granted Defendant's motion to

4

withdraw reference, as recommended by the Southern District Bankruptcy Court. Immediately following the withdrawal, Defendant filed a motion to transfer this case to the United States District Court for the Western District of Oklahoma ("Western District Court") or, alternatively, to dismiss it. Defendant argued for transfer or dismissal under 28 U.S.C. §§ 1406(a) and 1412.

This court found that 28 U.S.C. § 1406(a), which allows a district court in which a case is improperly filed to dismiss or transfer that case to any district in which it could have been brought, did not apply because this court is a proper venue. In rendering its decision on 28 U.S.C. § 1412, this court cited the decision of the Northern District Bankruptcy Court to transfer the case under 28 U.S.C. § 1412 to this court. In its opinion, this court stated, "In the pending motion, [Defendant] has not offered new evidence or reasoning to justify relitigation of appropriate venue. In addition, the court is not aware of, and Eagle did not present, any new controlling authority invalidating the Northern District Bankruptcy Court's decision to transfer venue to this district."[3] Finding that the decision was not clearly erroneous and did not work a manifest injustice, this court denied the motion. This court also found that paragraph 18 of the IADC contracts was a choice-of-law provision, not a forum-selection clause.

---

[3] Memorandum Opinion and Order, Docket Entry No. 44, p. 10.

A couple of months after this court ruled on Defendant's motion to transfer venue, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") issued an opinion on a petition for writ of mandamus, In re Volkswagen of America, Inc., 545 F.3d 304 (5th Cir. 2008). In that case, the Fifth Circuit reviewed a decision to deny a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), which allows transfer of a case "[f]or the convenience of parties and witnesses, in the interest of justice" to any district where it could have been brought. Id. at 307 and n.1. The Fifth Circuit held that the district court, by requiring the movant to show that the 28 U.S.C. § 1404(a) factors "must substantially outweigh the plaintiffs' choice of venue, erred by applying the stricter forum non conveniens dismissal standard and thus giving inordinate weight to the plaintiffs' choice of venue." Id. at 314. The court granted the writ of mandamus. See id. at 319.

In October 2008, Plaintiff and EDDO filed an agreed motion in this action to dismiss all of their claims and counterclaims against each other. This court granted the motion.

In the spring of 2009, the Western District Bankruptcy Court conducted a hearing on the motion Defendant filed in April 2008 to remand or to abstain from hearing the adversary claims between Plaintiff and Defendant. The Western District Bankruptcy Court denied the motion and directed Plaintiff "to file a motion

requesting withdrawal of the reference in this adversary proceeding and . . . following resolution of such motion . . . to file a motion seeking a transfer of venue to the United States District Court for the Southern District of Texas, Houston Division."[4] In a subsequent order withdrawing the order of reference, the Western District Bankruptcy Court stated its belief that transfer either to this court or the District Court of Cleveland County, Oklahoma, was appropriate and noted that four different courts already had ruled that United States District Court for the Southern District of Texas was the proper venue for this action.[5]

Plaintiff filed a motion to transfer the adversary proceeding to this court pursuant to 28 U.S.C. § 1412 following the withdrawal of the reference. In September, the Western District Court found that this court was more familiar with the parties, the facts, and the issues of the dispute and that transfer would allow the parties to resolve their claims in one forum. That court stated, "When the parties to this proceeding have been before other courts, those other courts have repeatedly and consistently determined that the issues raised in this adversary proceeding should be determined in

---

[4] Defendant's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404 and Alternative Motion to Reconsider, Docket Entry No. 163, Ex. 6, Order, p. 3 n.2.

[5] The Western District Bankruptcy Court pointed to the following decisions: 1) the Northern District Bankruptcy Court's decision to transfer the action to the Southern District Bankruptcy Court; 2) the Southern District Bankruptcy Court's denial of Defendant's motion to dismiss or sever; 3) this court's denial of Defendant's motion to dismiss or transfer venue; and 4) the Western District Bankruptcy Court's decision to lift the stay in Defendant's bankruptcy proceeding to allow this action to proceed here.

Houston. This fact supports this court's independent conclusion that the interests of justice require transfer."[6]

Additionally, the Western District Court acknowledged this court's ruling on the proper interpretation of paragraph 18 and specifically found, on de novo review, that "the clause has only one possible meaning, which is that Oklahoma law governs the interpretation and enforcement of the IADC contracts" and "does not provide that the parties agreed to litigate disputes involving the IADC contracts in Cleveland County, Oklahoma."[7] The court continued:

> Therefore, with or without application of the law of the case doctrine, the result would be the same: the clause relied upon by [Defendant] is a choice of law provision; the clause does not provide that the parties agreed to litigate this dispute in Oklahoma; and the clause provides no grounds for keeping this adversary proceeding in Oklahoma. To be sure, the clause is a fine example of sloppy draftsmanship, but the sloppily drafted language cannot fairly be read to require that this action be litigated only in Oklahoma.[8]

The Western District Court found In re Volkswagen of America, Inc., 545 F.3d at 304, inapposite due to the Fifth Circuit's evaluation of venue under 28 U.S.C. § 1404(a), rather than the bankruptcy venue transfer statute that governed Defendant's then-pending motion.

---

[6] Defendant's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404 and Alternative Motion to Reconsider, Docket Entry No. 163, Ex. 6, Order, p. 7.

[7] Id. at p. 8.

[8] Id.

Late last year, the parties amended the pleadings. Of particular note was Defendant's addition of claims against several individuals not previously parties to the case. In February, Defendant filed the pending motion to transfer the case back to the Western District Court and a motion to disqualify the district judge assigned to this case.[9]

In its motion to transfer, Defendant argues that 28 U.S.C. § 1404(a) is the proper venue statute for this case now that EDDO's bankruptcy action is no longer a related concern. EDDO's dismissal from this case and the Fifth Circuit's In re Volkswagen of America, Inc. decision are new facts and new controlling law that require this court to revisit the venue-transfer issue, Defendant contends. Moreover, according to Defendant, this case is in a nascent stage due to the recently amended pleadings, and, if the court grants Defendant's motion to disqualify the sitting district judge, the judge assigned to this case would not have any more familiarity with the case than a judge in Oklahoma.[10]

This court has taken the time and effort to repeat in some detail the procedural history of the case to emphasize how much judicial time Defendant has usurped for reconsideration of the appropriateness of this forum. If nothing else, Defendant has made

---

[9] The court addresses the motion to disqualify in a separate order.

[10] After thoroughly reviewing the factual and procedural background of this case in considering Defendant's recent motions, the undersigned has achieved a fair amount of familiarity.

it clear that it wants to try this case in Oklahoma.  Unfortunately for Defendant, neither intense desire nor unrelenting persistence is a factor under any relevant legal authority related to venue transfer, forum-selection clauses, or reconsideration of court decisions.

The application of 28 U.S.C. 1404(a) instead of 28 U.S.C. 1412 is a nonissue.  As Defendant aptly notes, "[t]hese venue statu[t]es should be construed in harmony with one another.  Courts have generally applied the same analysis to both § 1404 and § 1412 given the similarity of the language within the statutes."[11]  The most noticeable differences between the two are that: 1) 28 U.S.C. § 1412 is disjunctive ("in the interest of justice or for the convenience of the parties") and 28 U.S.C. § 1404(a) is conjunctive ("[f]or the convenience of parties and witnesses, in the interest of justice"); and 2) 28 U.S.C. § 1404(a) includes an additional requirement that the transferee court be one in which the action could have been brought originally.  Thus, 28 U.S.C. § 1404(a) sets the bar a bit higher than 28 U.S.C. § 1412.  If a case fails to meet the requirements of 28 U.S.C. § 1412, it certainly should not be transferred under 28 U.S.C. § 1404(a).

Sixteen months after EDDO was dismissed from this action and

---

[11] Defendant's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404 and Alternative Motion to Reconsider, Docket Entry No. 163, pp. 9-10 n.7 (citing Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc., Civil Action No. H-08-1815, 2008 WL 4330897 at *8 (S.D. Tex. Sept. 18, 2008)(unpublished); Norton v. Encompass Servs. Corp., 301 B.R. 836, 839 (Bankr. S.D. Tex. 2003)).

the Fifth Circuit issued In re Volkswagen of America, Inc., Defendant brought this motion relying on those events as changes requiring reevaluation of the proper venue. The critical importance of these changes that Defendant now claims is belied by Defendant's inordinately long delay prior to refiling a motion to transfer. Moreover, the dismissal of EDDO from this case does not carry the weight suggested by Defendant. That particular difference would not require deviation from prior decisions that find this court to be a proper venue. Although an important consideration in prior decisions, none relied solely on EDDO's presence in this lawsuit. Even though it was the tipping factor in the eyes of the Northern District Bankruptcy Court, after three years of litigation here, other factors, especially those related to efficiency and familiarity, have strengthened in favor of remaining in this court.

The In re Volkswagen of America, Inc. case does not provide the support Defendant suggests. That case did not change the law on venue transfers. Rather, it reiterated the factors that should be considered in the 28 U.S.C. § 1404(a) analysis and rebuked a judge who relied solely on the Plaintiff's choice of forum, a consideration outside the prescribed analysis. In none of the prior decisions on this issue did a court improperly weigh the various considerations or rely solely on one consideration.

Multiple courts have considered the proper venue from a

variety of perspectives, most notably, this court itself and the court to which Defendant seeks to have the case transferred.[12] The resounding judicial view is that this case belongs here. The court finds that the decision should not be disturbed. See <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 815-16 (1988)(stating that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case" and that this principle is more important with relation to transfer decisions than substantive rulings because regularly revisiting transfer decisions can "send litigants into a vicious circle of litigation").

This case already has taken too many laps.

Based on the foregoing, the court **DENIES** Defendant's motion to transfer venue. Because Defendant has failed to show any basis for reconsideration of the prior ruling on appropriate venue, that request is also **DENIED**.

**SIGNED** in Houston, Texas, this 22nd day of April, 2010.

Nancy K. Johnson
United States Magistrate Judge

---

[12] Venue is not the only issue that Defendant refuses to believe is settled despite multiple court rulings against it. Defendant re-urges that paragraph 18 of the IADC contracts is a forum-selection clause. That issue is not open for debate. This court, as well as the Western District Court, determined that the clause is nothing more than a choice-of-law provision.