```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

QUICKSILVER RESOURCES INC.,     §
                                §
          Plaintiff,            §
                                §
v.                              §    CIVIL NO. H-08-0868
                                §
EAGLE DRILLING, LLC,            §
                                §
          Defendant.            §
```

**ORDER**

Pending before the court[1] is Defendant's Motion to Disqualify the Honorable Gray H. Miller ("Judge Miller") (Docket Entry No. 162). The court has considered the motion, the responsive briefs, and the applicable law. For reasons explained below, the court **DENIES** Defendant's motion.

This dispute was assigned to Judge Miller upon withdrawal of reference by the district court in March 2008. In November 2009, Daniel McClure ("McClure") of Fulbright & Jaworski, LLP, ("Fulbright") entered an appearance on behalf of Plaintiff. Since that time, other Fulbright attorneys also have entered appearances. Defendant filed the pending motion to disqualify Judge Miller on February 12, 2010.

Judge Miller joined Fulbright in 1978, when the firm had 270

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 155.

attorneys total, 238 in Houston.[2]  He served as a partner from 1986 until he took the bench in 2006.[3]  Judge Miller worked in the admiralty department from 1978 to approximately 2003, when the admiralty department merged into the litigation department.[4]  By the time Judge Miller left Fulbright, the law firm had grown to nearly 1000 attorneys, 309 of whom were in Houston.[5]  In 2009, Fulbright had nearly 6,000 clients who paid legal fees.[6]

During his tenure, Judge Miller never worked on any matter for Plaintiff.[7]  In fact, Fulbright handled only two matters for Plaintiff while Judge Miller was employed.[8]  The first was a reserve acquisition transaction matter handled in 2002-03, and the other was a company acquisition in 2003.[9]  Neither subject matter was at all related to drilling contracts, Defendant, or any other issue in this case.[10]  Those two matters generated total fees that comprised less than one tenth of one percent of the total revenues

---

[2] Plaintiff's Response to Defendant's Motion to Disqualify Judge Miller, Docket Entry No. 165, Ex. B, Affidavit of McClure, ¶¶ 3, 4.

[3] Id. at ¶ 3.

[4] Id. at ¶ 4.

[5] Id.

[6] Id. at ¶ 2.

[7] Plaintiff's Response to Defendant's Motion to Disqualify Judge Miller, Docket Entry No. 165, Ex. A, Affidavit of Deborah Gitomer, ¶ 3.

[8] Id.

[9] Id.

[10] Id.

of Fulbright for 2003.[11]

McClure joined Fulbright the same year as Judge Miller and became a partner in the same year as Judge Miller.[12] Throughout McClure's employment, he has worked in the litigation department.[13] The two men knew each other as associates and partners, but they never worked on a matter or case together, did not office on the same floor, never went to the other's home, and never took any trips together.[14] The only social events they both attended were large, work-related activities.[15]

The disqualification decision is within the "sound discretion" of the judge. Chitimacha Tribe of La. v. Harry L. Laws Co., 690 F.2d 1157, 1166 (5th Cir. 1982); see also Sensley v. Albritton, 385 F.3d 591, 601 (5th Cir. 2004). Two statutes address the disqualification of a judge: 28 U.S.C. §§ ("Sections") 144 and 455. The statutes are substantively similar as they are both based on the concept that due process requires a fair trial overseen by an unbiased judge. Chitimacha Tribe of La., 690 F.2d at 1165. Procedurally, they differ however. See id.

Section 144 requires that the movant submit a timely and

---

[11] Id.

[12] Plaintiff's Response to Defendant's Motion to Disqualify Judge Miller, Docket Entry No. 165, Ex. B, Affidavit of McClure, ¶ 2.

[13] Id. at ¶ 4.

[14] Id.

[15] Id.

legally sufficient affidavit showing that the presiding judge has a personal bias or prejudice against the movant or in favor of an adverse party. Defendant does not indicate that it is seeking disqualification based on Section 144. Moreover, the affidavit of counsel submitted by Defendant attests that he has personal knowledge that the facts stated in the motion are "true and correct to the best of [his] knowledge and belief."[16] However, no evidence actually supports his assertion of personal knowledge about Judge Miller's relationship with McClure or about Fulbright's representation of Plaintiff. The sworn statements of Defendant's counsel simply fail to suggest personal bias or prejudice.

Section 455 directs a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also Code of Conduct for U.S. Judges, Cannon 3; Gomez v. St. Jude Med. Daig Div. Inc., 442 F.3d 919, 938 (5th Cir. 2006)(quoting 28 U.S.C. § 455(a)). Certain specific circumstances require that the judge recuse, including any situation in which the judge, while in private practice, "served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter." 28 U.S.C. § 455(b); see also Code of Conduct for U.S. Judges, Cannon 3C(1)(b).

The Code of Conduct for United States Judges ("Code") also

---

[16] Defendant's Motion to Disqualify Judge Miller, Docket Entry No. 162, Ex. 9, Affidavit of Stanley Ward, ¶ 3.

directs judges to avoid impropriety and the appearance of impropriety.  Code of Conduct for U.S. Judges, Cannon 2.  Commentary on Cannon 2 explains, "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." Id. at Cannon 2A cmt. In particular, judges are cautioned against allowing social or financial relationships to influence their judgment.  See id. at 2B.

However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Liteky v. United States, 510 U.S. 540, 555 (1994); see also Raborn v. Inpatient Mgmt. Partners, Inc., 352 Fed. App'x 881, 884 (5th Cir. 2009)(unpublished); United States v. Mizell, 88 F.3d 288, 299 (5th Cir. 1996).  In the Liteky case, the United States Supreme Court found all of the grounds asserted for recusal to be inadequate because they consisted of "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses" and did not rely on extrajudicial material or display "deep-seated and unequivocal antagonism" making fair judgment impossible.  Liteky, 510 U.S. at 556.

Defendant alleges that McClure disclosed "that he knew Judge

Miller very well and had, in fact, enjoyed a long-standing close personal friendship and business relationship with him for over thirty years."[17]  Defendant attempts to bolster the assertion of partiality by noting that McClure and Judge Miller both joined Fulbright in 1978 and both became partners in 1986.  Additionally, Defendant argues, Plaintiff was a client of Fulbright while Judge Miller was employed there.  As a partner in the firm, Judge Miller received a financial benefit from fees Plaintiff paid, Defendant continues.

In addition to raising concerns about Judge Miller's connections to McClure and Fulbright, Defendant complains that neither McClure nor Judge Miller disclosed to Defendant that Plaintiff had been a Fulbright client while Judge Miller was a partner in the firm.  Defendant also casts doubt on the impartiality of Judge Miller's prior rulings, specifically accusing him of ignoring the Oklahoma state court's decision on the interpretation of a clause in the relevant contracts and of vacating a prior finding of fact that favored Defendant in response to Defendant's discovery of Judge Miller's relationship with McClure and Fulbright.

Regarding the nature of Judge Miller and McClure's relationship, Defendant apparently has incorrect information.  No evidence suggests that the two men are or were "close personal

---

[17]   Defendant's Motion to Disqualify Judge Miller, Docket Entry No. 162, p. 7.

friends . . . for over thirty years"[18] as Defendant asserts. Defendant attributes this characterization of the relationship to McClure; however, McClure stated in his affidavit that he would not characterize Judge Miller as a close personal friend and does not recall telling Defendant that he was. No doubt, Judge Miller and McClure have known each other for a very long time, but that fact is not basis for recusal. See Henderson v. Dep't of Pub. Safety & Corr., 901 F.2d 1288, 1295, 1296 (5th Cir. 1990)(finding it insufficient to warrant recusal that the presiding judge had known one of the attorneys since he was a child and was friends with the attorney and the attorney's father).

Defendant's statement of facts regarding Fulbright's representation of Plaintiff is also exaggerated. Although it is true that Plaintiff was a client of Fulbright's while Judge Miller was employed there, neither of the two matters handled by Fulbright during that time were even remotely related to the matter presently before the court or to any issue raised in this case. Section 455 does not require recusal under these circumstances. Neither Judge Miller nor any attorney with whom he previously practiced law served as an attorney on this matter while Judge Miller was employed or shared in the profits of the firm from this action. Judge Miller did not work on any matter involving Plaintiff.

McClure disclosed his past association with Judge Miller,

---

[18] Defendant's Motion to Disqualify Judge Miller, Docket Entry No. 162, p. 2.

Judge Miller did not offer that information. Defendant also takes issue with the omission, by McClure and Judge Miller, of the fact that Plaintiff was a Fulbright client while Judge Miller was employed there. The court has located no specific requirement in the Code that requires such disclosure.

Even assuming an obligation to disclose information regarding his prior affiliation with Fulbright, Judge Miller did not withhold any material information. The identity of Judge Miller's former employer is public information, and McClure specifically disclosed to Defendant that he and Judge Miller had worked together. With regard to Plaintiff's association with the firm, nothing suggests that Judge Miller was aware or should have been aware that Plaintiff had been a Fulbright client during his tenure. Cf. Henderson, 901 F.2d at 1295-96 (stating that a judge should recuse when he lacks actual knowledge of facts that suggest partiality only "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge"). A partner of a firm with hundreds of attorneys and thousands of clients cannot reasonably be expected to be aware of all of the clients the firm has represented. Moreover, as that fact does not raise an implication of partiality or an appearance of impropriety under the statute or the Code, it did not need to be disclosed.

Lastly, Defendant's discontent with Judge Miller's rulings is fodder for appeal, not disqualification. See Raborn, 352 Fed.

App'x at 884 ("An adverse ruling, by itself, is not evidence of bias.")(citing Liteky, 510 U.S. at 555).  One of the rulings about which Defendant complains was Judge Miller's determination that the governing-law clause in the contracts at issue is a choice-of-law provision, not a forum-selection clause.  Although the decision eventually may be subject to appeal, it is not so unreasonable as to suggest bias.  In fact, the United States District Court for the Western District of Oklahoma, where Defendant sought to transfer the case, reached the same conclusion.

The other challenged decision by Judge Miller, reversing himself on a factual determination, stemmed from the court becoming aware of additional evidence that created a dispute.  Juries, not courts, make factual determinations when the evidence reveals a dispute.  Defendant presents no authority supporting any other decision under these circumstances.

Regardless of the correctness of the challenged decisions, both were "proper and appropriate opinion[s] acquired in the course of judicial proceedings, in reliance on information learned during the proceeding." See Mizell, 88 F.3d at 300.

The court finds that Defendant has stated nothing that would cause a reasonable person, knowing all the facts, to question the Judge Miller's impartiality.  See 28 U.S.C. § 455; Liteky, 510 U.S. at 556; Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999).

Based on the foregoing, the court **DENIES** Defendant's motion to

disqualify.

**SIGNED** in Houston, Texas, this 26th day of April, 2010.

Nancy K. Johnson
United States Magistrate Judge