UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUICKSILVER RESOURCES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-868 |
| | § | |
| EAGLE DRILLING, LLC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**Order**

Pending before the court is the Magistrate Judge's Memorandum, Recommendation, and Order (Dkt. 248) (hereinafter "M&R") relating to (a) Quicksilver Resources, Inc., Glenn Darden, Thomas Darden, and Jeff Cook's (collectively, "Quicksilver Parties") Motion for Partial Summary Judgment on Eagle Drilling, LLC's ("Eagle") Contract Claims (Dkt. 164); (b) Eagle's Motion to Strike the Quicksilver Parties' Reply to Eagle's Response (Dkt. 170); and (c) Eagle's Motion to Strike the Quicksilver Parties' Reply to Eagle's Sur-reply. After reviewing the various filings relating to these motions, Eagle's objection to the M&R (Dkt. 257), the Quicksilver Parties' response (Dkt. 260), and applicable law, the court is of the opinion that Eagle's objections should be **OVERRULED**.

**I. ANALYSIS**

The magistrate judge filed her M&R on August 31, 2010. Dkt. 248. Eagle filed its objection to the M&R on September 14, 2010 (Dkt. 257), and the Quicksilver Parties filed their response on September 28, 2010 (Dkt. 260). Eagle objects to the M&R because (1) the magistrate judge's determination that Rodney Thornton's affidavit ("Thornton Affidavit") (Dkt. 168, Exh. 2) is a sham is erroneous; (2) regardless of the admissibility of the Thornton Affidavit, there is other competent

summary judgment evidence that there was an outstanding Quicksilver Resources, Inc. account receivable; (3) the magistrate judge should not have relied on the Cook Affidavit, which is neither truthful nor reliable; (4) the magistrate judge's findings of law relating to the assignment agreement are erroneous (*see* Dkt. 257 at 24); and (5) the magistrate judge abused her discretion when she limited Eagle's sur-reply to ten pages. Dkt. 257. The Quicksilver Parties argue that all of Eagle's objections are without merit. Dkt. 260. The court will briefly address Eagle's contentions.

**A.     The Thornton Affidavit**

Eagle supported its contentions that Quicksilver Resources, Inc. ("Quicksilver") did not fully pay invoices, paid invoices late, and did not pay interest owed on the late payment as contractually required with an affidavit from Rodney D. Thornton, who is a former manager for Eagle. Dkt. 168, Exh. 2. The magistrate judge, citing previous testimony given under oath by Thornton in a Oklahoma state court, determined that the Thornton Affidavit contradicts his prior sworn testimony and that the Thornton Affidavit is therefore a sham. Dkt. 248. Eagle claims that (1) the court should not apply the sham affidavit doctrine because the prior testimony is from a separate proceeding; and (2) the Oklahoma state court testimony does not contradict the Thornton Affidavit. Dkt. 257.

It is well established in the Fifth Circuit that a "nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony." *Albertson v. T.J. Stevenson & Co., Inc.*, 749 F.2d 223, 228 (5th Cir. 1984) (citing *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980)). The Fifth Circuit has not, however, squarely addressed whether the sham affidavit doctrine applies if the sworn testimony is from a different proceeding. The Quicksilver Parties cite two cases out of the Seventh Circuit that support the magistrate judge's decision not to consider portions of the Thornton Affidavit that

conflict with Thornton's sworn testimony in the Oklahoma case. In *Essick v. Yellow Freight Sys., Inc.*, 965 F.2d 334, 335 (7th Cir. 1992), the plaintiff offered testimony while being deposed in relation to a retaliatory discharge claim in Illinois district court that conflicted with his prior testimony before the Illinois Industrial Commission in support of his worker's compensation claim. The Seventh Circuit noted that if it were to allow "a party to create a genuine issue of material fact by changing his prior testimony[,] 'the very purpose of the summary judgment motion–to weed out unfounded claims, specious denials, and sham defenses–would be severely undercut.'" *Essick*, 965 F.2d at 335 (quoting *Babrocky v. Jewel Food Co. & Retail Meatcutters Union*, 773 F.2d 857 (7th Cir. 1985)). The court held that, since the plaintiff failed to explain the contradictory testimony, the district court was correct to strike the deposition testimony that conflicted with the Industrial Commission testimony. *See id.* Similarly, in *Diliberti v. United States*, 817 F.2d 1259, 1263 (7th Cir. 1987), the Seventh Circuit rejected the plaintiff's affidavit because it contradicted a sworn statement the plaintiff had earlier made to the military. These cases, as well as the general reasoning behind the sham affidavit doctrine, support the magistrate judge's finding that the Oklahoma testimony precludes reliance on contradictory statements in the Thornton Affidavit if the contradictions are not sufficiently explained.

Despite Eagle's extended effort to convince the court otherwise, the testimony Thornton offered in Oklahoma contradicts his statements in paragraphs 10-14 of the Thornton Affidavit. While testifying in Oklahoma, Thornton clearly agreed that "Eagle got paid what it was owed," and that "Quicksilver fully and timely paid Eagle for all amounts due *under the contract*." Dkt. 257 at 8 (emphasis added) (quoting Dkt. 257, Exh. 7 (Oklahoma Transcript)). Eagle claims that Thornton was referring to principal payments for invoices relating to a specific site, as this is what the

Oklahoma case was about.  Dkt. 257 at 8.  However, Thornton was clearly asked about whether "Eagle got paid what it was owed" from the "date the *Contracts* were originally entered until August 25th of 2006," as well as whether it was paid all amounts due "under the *contract*." *Id.* at 7-8 (emphasis added) (quoting Oklahoma testimony).  Thus, while the case may have been about specific invoices, the cited testimony relates to the contracts themselves.  Accordingly, Eagle's explanation does not explain the contradiction between this testimony and Thornton's claim in the Thornton Affidavit that Quicksilver failed to make certain payments to Eagle under the contracts.  *Compare* Dkt. 168, Exh. 2 ¶ 14 (affidavit), *with* Dkt. 257 at 7-8 (Oklahoma testimony).  Accordingly, the magistrate judge did not erroneously disregard paragraphs 10-14 of Thornton's affidavit.

**B.     Eagle's Other Evidence**

Eagle next attempts to present new evidence relating to the viability of its claim that there are accounts receivable owed to Eagle by Quicksilver.  It submits a deposition from Lisa Barnard, a CPA who performed bookkeeping services for Eagle.  Dkt. 257, Exh. 4.  Barnard's deposition was taken on August 11, 2010, after the briefing for the motion for partial summary judgment was complete.  *See id.*  A district court has broad discretion in determining whether to consider newly submitted evidence when reviewing a magistrate judge's recommendations.  *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 853 (5th Cir. 1998).  In *Freeman*, the Fifth Circuit instructed that the scope of this discretion is similar to "that conferred on the district court to determine motions for reconsideration of its own rulings."  *Id.*  As such, the discretion is not limitless.  *See id.* (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990), which explains the scope of review under Rule 59(e)).  The court should consider, for instance, "'the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether

the evidence was available to the non-movant before she responded to the [original] motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened.'" *Id.* (quoting *Lavespere*, 910 F.2d at 174). Here, while Barnard was not deposed until after Eagle submitted its response to the Quicksilver Parties' motion, the information supplied by Barnard during this deposition was readily available to Eagle, as Barnard is an Eagle employee. Eagle had a fair chance to make its arguments regarding Quicksilver's allegations that the Thornton Affidavit is a sham affidavit in its briefing before the magistrate judge, and in fact, it made such arguments in its sur-reply. *See* Dkt. 210. It is inappropriate for Eagle to now present arguments that it could have presented before the magistrate judge just because its original arguments failed. The magistrate judge is not to be treated as "a mere sounding-board for the sufficiency of the evidence." *Freeman*, 142 F.3d at 852. Because Eagle could have obtained an affidavit from Barnard and attached it to its briefing before the magistrate judge and failed to do so, this court will not consider Barnard's testimony.

**C.     Other Issues**

Eagle additionally claims that the court should not adopt the magistrate judge's M&R because (1) the magistrate judge erroneously relied on Jeff Cook's affidavit ("Cook Affidavit"), which is allegedly "neither truthful nor reliable"; (2) the magistrate judge's erred and abused her discretion by limiting Eagle's sur-reply to 10 pages; and (3) essentially, all of the magistrate judge's legal findings are erroneous. Dkt. 257 at 24-25. First, while the magistrate judge cites to the Cook Affidavit in her statement of facts, she does not rely on it to reach her conclusions. Thus, the veracity of the statements in the Cook Affidavit do not bear on the outcome, and the court need not reach the issue. Second, the court agrees with the magistrate judge that there was no need to file a

sur-reply exceeding 10 pages. And third, Eagle offers no arguments regarding its contentions that the 14 conclusions listed on pages 24 and 25 of its opposition are erroneous, and the court, having conducted an independent review of the summary judgment record, sees no error. Accordingly, all of these objections are OVERRULED.

## II. CONCLUSION

Having determined that all of Eagle's objections are without merit, the court hereby **OVERRULES** the objections. The court **ADOPTS** the M&R (Dkt. 248) in its entirety. Accordingly, Quicksilver's Motion for Summary Judgment on Eagle Drilling, LLC's ("Eagle") Contract Claims (Dkt. 164) is **GRANTED**, and Eagle's Motion to Strike Quicksilver's Reply to Eagle's Response (Dkt. 170) and Motion to Strike the Quicksilver Parties' Reply to Eagle's Sur-reply (Dkt. 225) are **DENIED**.

Signed at Houston, Texas on October 19, 2010.

_____
Gray H. Miller
United States District Judge